# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CASE NO. 3:18-CR-00384-FDW-DSC

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| KIRK WAYNE GRAHAM, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's Motion for Early Termination of Supervised Release, (Doc. No. 72). For the reasons set forth below, Defendant's Motion is **GRANTED**.

Under the Local Rules, a movant must confer with opposing counsel and inform the Court of the opposing party's position on the motion. Local Crim. R. 47.1(b). This Court requires a Defendant seeking early termination of supervised release to confer with the United States Probation Office and United States Attorney's Office and to inform the Court as to those Offices' positions on the motion.

The Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to . . . [Federal Rule of Criminal Procedure 32.1(c)], if it is satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice" after considering the factors set forth in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(e)(1). Under Federal Rule of Criminal Procedure 32.1, the Court may modify the conditions of supervised release without a hearing where "the relief sought is favorable to the [defendant] and does not extend the term of probation or of supervised release;

1

and an attorney for the government has received notice of the relief sought, has had a reasonable opportunity to object, and has not done so." Fed. R. Crim. P. 32.1(c)(2).

Defendant's Motion complies with the Local Rules and this Court's requirements. (Doc. No. 72, pp. 2–3.) Defendant represents neither the United States nor the Probation Office oppose the Motion, (id.), and neither have filed a response or opposition to the Motion, which was docketed on September 10, 2024. Defendant is under the supervision of the United States Probation Office for the Middle District of Florida, but this Court retains jurisdiction over the case. (Id., p. 2.) Defendant's supervision began in May 2022, therefore he has served more than one year of his three-year term. (Id., p. 1.) Based on the record, the Court concludes Defendant's adjustment to supervision, conduct while on supervised release, the interests of justice, and the Section 3553(a) factors support early termination of supervision.

**IT IS THEREFORE ORDERED** that Defendant's Motion for Early Termination of Supervised Release, (Doc. No. 72), is **GRANTED**. The United States Probation Office is respectfully directed to discharge Defendant from supervision.

**IT IS FURTHER ORDERED** that, to the extent the United States Probation Office for the Middle District of Florida does not automatically receive notice of this Order through CM/ECF, defense counsel is **DIRECTED** to serve that Office with a copy of this Order as soon as practicable.

**IT IS SO ORDERED.**

Signed: October 17, 2024

_____
Frank D. Whitney
United States District Judge